UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

RICHARD LABARGE
855 Appleton Road
Menasha, Wisconsin 54952

        Plaintiff,                      Case No.: 22-cv-1105

        v.                         **JURY TRIAL DEMANDED**

NORTH SHORE HEALTHCARE LLC
640 North Vel R Phillips Avenue, Suite 200
Milwaukee, Wisconsin 53203

        Defendant

---

## COMPLAINT

---

COMES NOW Plaintiff, Richard LaBarge, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves federal questions under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2.      This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Plaintiff resides in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4.      Plaintiff, Richard LaBarge, is an adult male resident of the State of Wisconsin with a post office address of 855 Appleton Road, Menasha, Wisconsin 54952.

5.      Defendant, North Shore Healthcare LLC, was, at all material times herein, an entity doing business in the State of Wisconsin with a principal or corporate office address of 640 North Vel R Phillips Avenue, Suite 200, Milwaukee, Wisconsin 53203.

6.      Defendant is a privately-owned assisted living, skilled-nursing, and rehabilitation entity headquartered in Milwaukee, Wisconsin.

7.      During Plaintiff's employment with Defendant, Defendant owned, operated, and managed a physical location in the State of Wisconsin known as "Little Chute Health Services," located at 1201 Garfield Ave, Little Chute, Wisconsin 54140.

8.      During Plaintiff's employment with Defendant, Plaintiff performed compensable work in the position of Maintenance on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit at Defendant's "Little Chute Health Services" location, located at 1201 Garfield Ave, Little Chute, Wisconsin 54140.

9.      During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

10.     During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

11.     During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

12.     During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

13.     During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA and the WWPCL.

14.     During Plaintiff's employment with Defendant, Defendant supervised Plaintiff's day-to-day activities.

15.     During Plaintiff's employment with Defendant, Defendant had the ability and authority to (and actually did), hire, terminate, promote, demote, and/or suspend Plaintiff and Defendant's other employees.

16.     During Plaintiff's employment with Defendant, Defendant reviewed Plaintiff's work performance.

17.     During Plaintiff's employment with Defendant, Defendant established the work rules, policies, and procedures by which Plaintiff abided while performing compensable work for Defendant, on behalf of Defendant, and/or at Defendant's direction.

18.     During Plaintiff's employment with Defendant, Defendant controlled the terms and conditions of Plaintiff's employment.

19.     During Plaintiff's employment with Defendant, Defendant established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

## FLSA & WWPCL ALLEGATIONS

20. In approximately the December 2021, Defendant hired Plaintiff into the position of Maintenance.

21. During Plaintiff's employment with Defendant and in his position of Maintenance, Plaintiff reported directly to various individuals employed in the position of Administrator at Defendant's "Little Chute Health Services" location.

22. During Plaintiff's employment with Defendant, Plaintiff performed compensable work in the position of Maintenance on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit at Defendant's "Little Chute Health Services" location.

23. In approximately September 2022, Plaintiff's employment with Defendant ended.

24. During Plaintiff's employment with Defendant and until approximately June 2022, Defendant compensated Plaintiff on a salaried basis and classified Plaintiff as "exempt" for purposes of the FLSA and WWPCL. However, in reality during Plaintiff's employment with Defendant until approximately June 2022, Plaintiff primarily performed non-exempt job duties and responsibilities each workday and each workweek on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit in Plaintiff's position of Maintenance at Defendant's "Little Chute Health Services" location.

25. During Plaintiff's employment with Defendant and after approximately June 2022, Defendant began compensating Plaintiff on an hourly basis and/or with an hourly rate of pay for hours worked and work performed each workday and each workweek – even though Plaintiff's job duties and responsibilities in his position of Maintenance did not change in any material respect as they were prior to June 2022.

26.     During the entirety of Plaintiff's employment with Defendant and in Plaintiff's position of Maintenance, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

27.     During the entirety of Plaintiff's employment with Defendant and in Plaintiff's position of Maintenance, Plaintiff's primary job duty and responsibility each workday and each workweek was performing manual labor.

28.     During Plaintiff's employment with Defendant and in Plaintiff's position of Maintenance, Plaintiff spent practically the entirety of his hours worked and work performed each workday and each workweek performing manual labor, such as physically performing maintenance work and making routine, physical repairs on the building and the residents' rooms, physically delivering items to and from Defendant, and physically performing general cleaning duties.

29.     During Plaintiff's employment with Defendant and in Plaintiff's position of Maintenance until approximately June 2022, Plaintiff frequently worked in excess of forty (40) hours per workweek.

30.     During Plaintiff's employment with Defendant and in Plaintiff's position of Maintenance until approximately June 2022, Defendant did not compensate Plaintiff with overtime pay when he worked in excess of forty (40) hours per workweek.

31.     During Plaintiff's employment with Defendant and in Plaintiff's position of Maintenance after approximately June 2022, Defendant did not want and/or did not allow Plaintiff to work in excess of forty (40) hours per workweek.

32.     During Plaintiff's employment with Defendant and in Plaintiff's position of Maintenance, Defendant compensated Plaintiff on a bi-weekly basis via check.

33.     During Plaintiff's employment with Defendant and in Plaintiff's position of Maintenance, Plaintiff's primary job duty was not the management of Defendant's enterprise, general business operation, or a department or division of Defendant.

34.     During Plaintiff's employment with Defendant and in Plaintiff's position of Maintenance, Plaintiff performed his job duties and responsibilities at the direction of Defendant: Plaintiff was given specific instructions as to how to perform his job duties, including being provided with daily and weekly Maintenance tasks, and/or he performed his job duties within the prescribed procedures, processes, and/or limits established by Defendant.

35.     During Plaintiff's employment with Defendant and in Plaintiff's position of Maintenance, Plaintiff did not customarily and regularly exercise discretion or independent judgment in the performance of his job duties.

36.     During Plaintiff's employment with Defendant and in Plaintiff's position of Maintenance, Plaintiff did not, in the performance of his job duties, customarily or regularly compare or evaluate possible courses of conduct and did not customarily or regularly act or make decisions regarding matters of significance after considering various possibilities.

37.     During Plaintiff's employment with Defendant and in Plaintiff's position of Maintenance, Plaintiff did not, in the performance of his job duties, customarily or regularly have the authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendant's established policies, processes, and/or procedures without Defendant's prior approval.

38.     During Plaintiff's employment with Defendant and in Plaintiff's position of Maintenance, Plaintiff's job duties did not require advanced knowledge in a field of science or learning, and/or did not require invention, imagination, originality, or talent.

39.     During Plaintiff's employment with Defendant and in Plaintiff's position of Maintenance, Plaintiff's job duties did not require him to perform work which was predominantly intellectual in nature and acquired by a prolonged course of specialized intellectual instruction.

40.     During Plaintiff's employment with Defendant and in Plaintiff's position of Maintenance, Plaintiff was not highly compensated employee for FLSA and WWPCL purposes.

41.     During Plaintiff's employment with Defendant and between approximately August 15, 2022, and August 18, 2022, Defendant agreed to compensate Plaintiff at his normal and customary hourly rate of pay for any and all hours worked and/or work performed in his Maintenance position on behalf of Defendant, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge at Defendant's "Little Chute Health Services" location.

42.     During Plaintiff's employment with Defendant and between approximately August 15, 2022, and August 18, 2022, Plaintiff performed a total of approximately twenty-six (26) hours of compensable work in his Maintenance position on behalf of Defendant, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge at Defendant's "Little Chute Health Services" location.

43.     To date, Defendant did not and has not compensated Plaintiff with agreed-upon pay for all of the hours actually worked in his Maintenance position between approximately August 15, 2022, and August 18, 2022, on behalf of Defendant, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge at Defendant's "Little Chute Health Services" location.

44.     During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or lawfully compensate him for all hours worked in a workweek.

45.     During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work in his Maintenance position without compensating him for all hours worked or work performed on its behalf, for its benefit, at its direction, and/or with its knowledge each workday and each workweek, in violation of the FLSA and WWPCL.

46.     During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or lawfully compensate him for all hours worked each workweek, including at the proper, lawful, and/or correct overtime rate of pay for hours worked in excess of forty (40) in a workweek, and at the correct regular rate of pay for hours worked between approximately August 15, 2022, and August 18, 2022.

47.     During Plaintiff's employment with Defendant, Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted him to work) in a workweek at the proper, lawful, and/or correct overtime rate of pay in accordance with the FLSA and WWPCL, and at the proper, lawful, and/or correct regular rate of pay in accordance with the WWPCL.

48.     Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

49.     Defendant owes Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with it for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined, in addition to attorneys' fees and costs.

## FIRST CAUSE OF ACTION – FLSA VIOLATIONS (OVERTIME PAY)

50.     Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

51.     Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

52.     At all times material herein, Defendant was an employer of Plaintiff as provided under the FLSA, 29 U.S.C. § 201 *et seq.*

53.     At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

54.     During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek while he was employed by Defendant and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

55.     Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

56.     Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed was willfully perpetrated. Defendant has not acted in good faith and reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing

to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

57.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

58.     Plaintiff is entitled to damages equal to the overtime compensation due and owing to him within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendant.

59.     Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS (OVERTIME PAY)

60.     Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

61.     At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

62.     At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

63.     At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

64.     At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at an overtime rate of pay.

65.     During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek he was employed by Defendant and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

66.     During Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek for which he was not compensated with overtime premium pay in accordance with the WWPCL.

67.     The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

68.     As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

69.     Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

## THIRD CAUSE OF ACTION – WWPCL VIOLATIONS
## (FAILURE TO PAY AN AGREED-UPON WAGE)

70.     Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

71.     At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

72.     At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

73.     At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

74.     During Plaintiff's employment with Defendant, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities during the workweek(s) that comprised the time period of approximately August 15, 2022, and August 18, 2022, without receiving compensation for these activities at his previously agreed-upon rate of pay with Defendant.

75.     During Plaintiff's employment with Defendant, and in willful violation of the WWPCL, Defendant failed to compensate Plaintiff for all hours worked and work performed, including but not limited to with agreed-upon wages as defined in Wis. Stat. § 109.01(3), by failing to compensate him at his previously agreed-upon rate of pay during the workweek(s) that comprised the time period of approximately August 15, 2022, and August 18, 2022.

76.     As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

77.     Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1.  Order Defendant to make Plaintiff whole by providing reimbursement for unpaid overtime wages, unpaid regular wages, for pre-judgment and post-judgment interest or liquidated damages, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2.  Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3.  Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 22nd day of September, 2022

> WALCHESKE & LUZI, LLC
> Counsel for Plaintiff
>
> s/ *Scott S. Luzi*
>
> James A. Walcheske, State Bar No. 1065635
> Scott S. Luzi, State Bar No. 1067405
> David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com